UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DR. THOMAS J. WYLY

        Plaintiff,

v.

THE INTERNATIONAL
FOUNDATION FOR EDUCATION
AND SELF-HELP and THE LEON H.
SULLIVAN FOUNDATION,

        Defendants.

Case No. 04-11151 EFH

## DECLARATION OF HOPE SULLIVAN

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name is Hope Sullivan. I am over eighteen years of age, and am legally competent to provide this Declaration. This Declaration is based upon my own personal knowledge as well as my review of the business records and books of The Leon H. Sullivan Foundation ("LHS Foundation") and other reliable sources of information within the organization.

2. I have been the President and Chief Executive Officer of the LHS Foundation since July 1, 2002, when the LHS Foundation formally began its operations. In this role, I am responsible for, among other things, the general operation of the LHS Foundation.

### The LHS Foundation

3. The LHS Foundation was established to honor the life and legacy of the Reverend Leon H. Sullivan, a civil rights pioneer and international humanitarian, and also to promote the principles of self-help in order to empower underprivileged peoples and advocate social responsibility worldwide.

4. The LHS Foundation is a non-profit corporation, incorporated under the laws of the District of Columbia. The LHS Foundation was incorporated on June 5, 2002. At the time the Complaint in this matter was filed, the headquarters of the LHS Foundation were located at 1900 K Street, NW, Suite 1060, Washington, DC 20006. Effective June 1, 2004, the headquarters are located at 1800 K Street, NW, Suite 1021, Washington, DC 20006.

### Lack of Presence of the LHS Foundation in Massachusetts

5. The LHS Foundation is not incorporated in Massachusetts.

6. The LHS Foundation does not have an office or other place of business in Massachusetts.

7. The LHS Foundation does not have a mailing address in Massachusetts.

8. The LHS Foundation does not have a registered agent in Massachusetts.

9. The LHS Foundation is not registered to transact business in Massachusetts.

10. The LHS Foundation has not consented to be sued in Massachusetts.

11. The LHS Foundation has not designated an agent for service of process in Massachusetts.

12. The LHS Foundation is not listed in any telephone or business directory in Massachusetts.

13. The LHS Foundation does not have any employees or agents who reside in Massachusetts.

14. Neither directors, officers, nor employees of the LHS Foundation have traveled to Massachusetts to conduct the business of the LHS Foundation.

15. The LHS Foundation does not own property, either personal or real, in Massachusetts.

16. The LHS Foundation does not have any inventory located in Massachusetts.

17. The LHS Foundation does not maintain any assets or bank accounts in Massachusetts.

18.     The LHS Foundation has not engaged any independent contractors to work in Massachusetts.

19.     The LHS Foundation has not paid any unemployment taxes or any other taxes in Massachusetts, nor has it been required to pay such taxes.

20.     The LHS Foundation has never held any fund-raising or any other kind of event in Massachusetts.

21.     The mailing list of the LHS Foundation contains the names of approximately 4,800 individuals whose names have become known to the LHS Foundation through various sources. Of those approximately 4,800 individuals, 43 people reside in Massachusetts. At the time of the filing of the Complaint in this action, the LHS Foundation had sent these 43 people (as well as everyone else on the mailing list) one piece of direct mail solicitation. This solicitation occurred in the Spring 2003 and was an invitation to an annual event held by the LHS Foundation outside of Massachusetts.

22.     The mailing was unrelated to the Global Sullivan Principles Program, which is the Program for which the Plaintiff in this matter, Dr. Thomas Wyly, claims to have provided services.

23.     Based upon my reasonable inquiry into the financial records of the LHS Foundation, it does not appear that the LHS Foundation has ever received a financial donation from any resident of Massachusetts.

**The LHS Foundation is Distinct from IFESH**

24.     The LHS Foundation helps to raise funds in order to build an endowment to assist several entities with ties to Reverend Sullivan. One such entity is the International Foundation for Education and Self-Help ("IFESH").

25. The LHS Foundation and IFESH are separate entities and are incorporated separately. As mentioned above, the LHS Foundation is a non-profit corporation organized under the laws of the District of Columbia. IFESH is organized under the laws of Pennsylvania.

26. Each corporation has its own administrative offices and staff. The Boards of Directors for the two organizations do not overlap. The two corporations do not share any officers.

27. Although the LHS Foundation provides some financial support to IFESH, the two corporations issue separate financial statements and file separate tax returns. There is no improper commingling of assets.

### The Lack of Relationship with Dr. Thomas Wyly

28. Dr. Wyly, the Plaintiff in this litigation, has never been an employee or agent of the LHS Foundation.

29. Prior to August 1, 2003, the LHS Foundation had no connection with the Global Sullivan Principles Program. Prior to that time, the LHS Foundation did not provide direct financial assistance to the Program, nor did it operate or manage any aspect of the Program.

30. The LHS Foundation has never entered into a contract for services with Dr. Wyly nor has the LHS Foundation promised to pay him for any services.

31. The LHS Foundation has never directed that Dr. Wyly perform work for the LHS Foundation.

32. Dr. Wyly has never performed services that have benefited the LHS Foundation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___4___ day of June, 2004.

_____
Hope Sullivan