UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DR. THOMAS J. WYLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE INTERNATIONAL FOUNDATION<br>FOR EDUCATION AND SELF-HELP<br>and THE LEON H. SULLIVAN<br>FOUNDATION,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 04-11151-EFH |

**CERTIFIED DOCKET AND RECORD FROM**
**MIDDLESEX SUPERIOR COURT, CIVIL ACTION NO. 04-01037-E**

FHBoston/1066250.1

MICV04-01037

THOMAS J. WYLY

V.

INTERNATIONAL FOUNDATION FOR EDUCATION & SELF-HELP, ET AL

****REMOVED TO US DISTRICT COURT****

## Commonwealth of Massachusetts
### SUPERIOR COURT DEPARTMENT
### THE TRIAL COURT
### CAMBRIDGE

MICV 2004-01037

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 16th of March in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this June 3rd, in the year of our Lord, Two Thousand Four

*Karen A. O'Connor*
Deputy Assistant Clerk



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DR. THOMAS J. WYLY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| THE INTERNATIONAL FOUNDATION FOR EDUCATION AND SELF-HELP and THE LEON H. SULLIVAN FOUNDATION, | ) |
| Defendants. | ) |



## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants The International Foundation for Education and Self-Help ("IFESH") and The Leon H. Sullivan Foundation ("Sullivan Foundation") hereby notice the removal of the above-captioned matter from the Superior Court for Middlesex County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-01037-E. In support thereof, defendants state the following:

1. Defendants IFESH and Sullivan Foundation were served separately via Certified Mail with copies of the complaint in this action on May 3, 2004.

2. True and correct copies of the complaint, summonses and civil action cover sheet are attached hereto as Exhibit A and constitute all process, pleadings and orders served upon the defendants in this action.

3. In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within thirty (30) days after the defendants first received a copy of the initial pleading setting forth the claims for relief upon which plaintiff's action is based as set forth above.

4. Plaintiff Dr. Thomas J. Wyly is an individual residing at 27 Van Ness Road, Belmont, Massachusetts.

5. Defendant The International Foundation for Education and Self-Help is incorporated as a 501(c)(3) non-profit, charitable organization under the laws of the Commonwealth of Pennsylvania with its principal place of business at 5040 E. Shea Boulevard, Suite 260, Scottsdale, Arizona 85254-4687.

6. Defendant Leon H. Sullivan Foundation is incorporated as a 501(c)(3) non-profit, charitable organization under the laws of Washington D.C. with its principal place of business at 1900 K. St. NW, Suite 1060, Washington D.C. 20006.

7. Plaintiff's complaint alleges causes of action against the defendants for breach of contract, promissory estoppel, breach of implied covenant of good faith and fair dealing, unjust enrichment and quantum meruit in connection with an alleged agreement for the plaintiff to provide certain services to the defendants, and unfair and deceptive acts by the defendants in violation of M.G.L. c. 93A. In his complaint, plaintiff seeks damages for the value of his services in 2002 and the first half of 2003 and alleges an agreed compensation rate for said services variously as "$195,000 per year" and "$120,000 per year, plus benefits calculated at 35% of this salary." See Plaintiff's Complaint at ¶¶ 9-10. In the civil action cover sheet filed with his complaint, plaintiff asserts damages "over $200,000.00." Without admitting and expressly denying the validity of plaintiff's causes of action, it is clear that the amount in

controversy in this action will exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9. Defendants IFESH and Sullivan Foundation respectfully ask that this action be removed to the United States District Court for the District of Massachusetts for further proceedings, as though this action had originally been instituted in that Court.

10. Pursuant to 28 U.S.C. § 1446(d), defendants IFESH and Sullivan Foundation will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Middlesex County, Commonwealth of Massachusetts, and will also serve a copy upon all counsel of record.

WHEREFORE, the defendants The International Foundation for Education and Self-Help and The Leon H. Sullivan Foundation request that the action now pending against them in the Superior Court of Middlesex County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-01037-E, be removed to this court.

Respectfully submitted,

THE LEON H. SULLIVAN FOUNDATION,

By its attorneys,

*/s/ Michael L. Rosen*

Michael L. Rosen (BBO #559954)
Elizabeth Heinrich (BBO #648090)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

R. Daniel Beale
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-8489

THE INTERNATIONAL FOUNDATION
FOR EDUCATION AND SELF-HELP,

By its attorneys,

*Marie Mercier (EFH)*
Marie F. Mercier   # 343150
Kotin Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114-2925
(617) 227-7031

Melanie Sabo
PRESTON GATES & ELLIS LLP
1735 New York Avenue NW
Suite 500
Washington, DC 20006-5221
(202) 661-3790

Dated: June 1, 2004

CERTIFICATE OF SERVICE:
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on  6/1/04



Case 1:04-cv-11151-EFH    Document 9    Filed 06/10/2004    Page 8 of 20

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1037 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

**PLAINTIFF(S)**
Dr. Thomas J. Wyly

**DEFENDANT(S)**
The International Foundation for Education and Self-Help and The Leon H. Sullivan Foundation

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
David A. Brown
Sherin and Lodgen LLP
100 Summer St., Boston, MA 02110 (617)646-2000
Board of Bar Overseers number: 556161

**ATTORNEY (if known)**

COPY

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Services, Labor & Materials | | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............... $..........
  2. Total Doctor expenses ................ $..........
  3. Total chiropractic expenses .......... $..........
  4. Total physical therapy expenses ...... $..........
  5. Total other expenses (describe) ...... $..........
       Subtotal $..........
B. Documented lost wages and compensation to date ... $..........
C. Documented property damages to date .............. $..........
D. Reasonably anticipated future medical and hospital expenses ... $..........
E. Reasonably anticipated lost wages ................ $..........
F. Other documented items of damages (describe)
       $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

       $..........
       TOTAL $..........

FILED IN THE OFFICE OF THE CLERK OF THE COURTS MAR 16 2004

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
This is an action to recover compensation for consulting, administrative and management services plaintiff provided to defendants.

TOTAL $ over 200,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _David A. Brown_   DATE: 3/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1037

......MIDDLESEX......, ss
[seal]

Dr. Thomas J. Wyly
............................................, Plaintiff(s)

v.

The International Foundation For
Education And Self-Help and The
Leon H. Sullivan Foundation Defendant(s)

### SUMMONS

To the above-named Defendant: The Leon H. Sullivan Foundation

You are hereby summoned and required to serve upon ......David A. Brown,......
......Sherin and Lodgen, LLP...... plaintiff's attorney, whose address is ......100 Summer Street,......
......Boston, MA 02110......, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ................................................................................................................................................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .............................................................................................
the ......29th...... day of ......April......
.................., in the year of our Lord ...2004...... .

*[signature]*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1037

.......MIDDLESEX......., ss
[seal]

Dr. Thomas J. Wyly
..................................., Plaintiff(s)

v.

The International Foundation For
Education And Self-Help and The
Leon H. Sullivan Foundation, Defendant(s)

## SUMMONS

To the above-named Defendant: The International Foundation For Education And Self-Help

You are hereby summoned and required to serve upon ...David A. Brown,...

...Sherin and Lodgen, LLP... plaintiff's attorney, whose address is ...100 Summer Street,...
Boston, MA 02110
..........................................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ............................................
............................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .............................................................
the ...29th........................................ day of ...April...............................................
..................., in the year of our Lord ...2004........................................... .

*[Signature]*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COPY

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO. _____

                                                            **04-1037**

| | |
|---|---|
| DR. THOMAS J. WYLY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE INTERNATIONAL FOUNDATION | ) |
| FOR EDUCATION AND SELF-HELP | ) |
| and THE LEON H. SULLIVAN | ) |
| FOUNDATION | ) |
| | ) |
| Defendants. | ) |

FILED IN THE OFFICE OF THE CLERK OF THE COURTS
MAR 16 2004

## COMPLAINT

### Preliminary Statement

This is an action to recover compensation for management, consulting, and administrative services performed over an eighteen-month period. Plaintiff Dr. Thomas J. Wyly provided these services to the defendants, the International Foundation for Education and Self-Help and the Leon H. Sullivan Foundation, at their request and for their benefit during 2002 and 2003. Defendants repeatedly promised to compensate Dr. Wyly for his work, and Dr. Wyly relied on these promises in continuing to provide services to the Defendants. To date, however, Defendants have not paid Dr. Wyly for the services performed during this eighteen-month period. Nor have Defendants fully reimbursed Dr. Wyly for expenses incurred for and on behalf of Defendants.

{PAZ1300.DOC / 3}

## Parties

1. Plaintiff Dr. Thomas J. Wyly ("Dr. Wyly") is an individual residing at 27 Van Ness Road, Belmont, Massachusetts. Dr. Wyly is the President of Strategic Consulting, which provides strategic consulting services to colleges, universities, foundations and other non-profit organizations.

2. Defendant The International Foundation for Education and Self-Help ("IFESH") is a non-governmental, nonprofit, charitable organization that focuses on empowering individuals of developing nations through the operation and support of community-based programs in the areas of literacy, education, vocation training, agriculture, nutrition, and health care. IFESH's principal place of business is 5040 E. Shea Boulevard, Suite 260, Scottsdale, Arizona.

3. Defendant The Leon H. Sullivan Foundation (the "Sullivan Foundation") is a non-governmental, nonprofit, charitable organization established to coordinate development and government advocacy activities. The Sullivan Foundation's principal place of business is at 1900 K Street, NW, Suite 1060, Washington, D.C.

## Factual Background

4. Leon H. Sullivan ("Reverend Sullivan") was the founder of IFESH and the creator of the landmark "Sullivan Principles," which outlined seven guidelines for corporations and governments interested in doing business in South Africa during apartheid. IFESH and the Sullivan Foundation have sought to expand adherence to such Principles globally.

5. Dr. C.T. Wright ("Dr. Wright") was, at relevant times, the President and Chief Executive Officer of IFESH.

6. Hope Sullivan ("Ms. Sullivan"), Reverend Sullivan's daughter, was at relevant times the person in charge of the Global Sullivan Principles program (the "GSP") at IFESH. In May 2002, Ms. Sullivan was appointed President and Chief Executive Office of the newly formed Sullivan Foundation. As President and CEO of the Sullivan Foundation, Ms. Sullivan retained responsibility for the GSP.

7. In early 2001, Reverend Sullivan hired Dr. Wyly as a consultant to IFESH. Dr. Wyly's task was to assess the feasibility and desirability of extending the Global Sullivan Principles into the higher education arena.

8. Through several months of work with Reverend Sullivan on a part-time consulting basis, Dr. Wyly successfully established to Reverend Sullivan's satisfaction the feasibility of extending the Global Sullivan Principles to higher education. Reverend Sullivan then asked Dr. Wyly to assume overall responsibility in creating, leading and managing a nation-wide GSP Higher Education Campaign. Dr. Wyly agreed to assume the leadership of the Higher Education Campaign on a three-quarter time basis.

9. Reverend Sullivan agreed to remunerate Dr. Wyly at a rate of $250/day, plus reimbursement of expenses, during the consulting phase of his work. When Dr. Wyly accepted the increased responsibility of creating and leading the GSP education campaign, Reverend Sullivan indicated his intention to compensate Dr. Wyly more appropriately for his efforts, understanding that Dr. Wyly's standard consulting rate was $1200/day plus expenses. On March 19, 2001, Reverend Sullivan directed IFESH's chief financial officer/controller, Ms. Carol Davis, to develop an operating budget for the GSP education campaign, which indicated that Dr. Wyly would be compensated at the rate of $195,000 per year. IFESH provided Dr. Wyly with a copy of this budget.

10. Reverend Sullivan died on April 24, 2001, just five weeks after his budget was prepared. After Reverend Sullivan's untimely death, Dr. Wyly increased his efforts to promote the GSP. He was encouraged to do so by Ms. Sullivan, Dr. Wright and other IFESH officials, who indicated that they wished Dr. Wyly to continue leading the GSP education campaign in accordance with Reverend Sullivan's expressed wishes. In June, 2001, Dr. Wright asked Dr. Wyly to "give IFESH a little time to get its act together" following Reverend Sullivan's death, and that it would then attend to the issue of his compensation. In September, 2001, Dr. Wright and Ms. Sullivan approved a "Case Statement and Budget" for the GSP education campaign which established Dr. Wyly's compensation rate of $120,000 per year, plus benefits calculated at 35% of this salary, plus reimbursement of expenses, for three-quarter time work.

11. At the explicit request of Ms. Sullivan, Dr. Wright, and other IFESH and Sullivan Foundation officials, Dr. Wyly continued to perform services in furtherance of the GSP Higher Education Campaign during 2002 and the first half of 2003.

12. Dr. Wyly engaged in substantial efforts on behalf of the GSP Higher Education Campaign and was often praised by Ms. Sullivan and Dr. Wright for the excellence of his work.

13. Ms. Sullivan and Dr. Wright repeatedly promised Dr. Wyly compensation for his work and reimbursement for the GSP Higher Education Campaign expenses that he advanced, with the deliberate intention and effect of causing Dr. Wyly to continue to lead the GSP Higher Education Campaign.

14. Dr. Wyly questioned Ms. Sullivan and Dr. Wright about the fact that he had not been paid for his services. They consistently encouraged him to persist in leading the GSP Higher Education Campaign and promised to reimburse him for all past earnings and expenses and to compensate him for his continued work.

15. Ms. Sullivan personally assured Dr. Wyly that the debt owed to him would be satisfied in full. She even wrote to Dr. Wyly that she agreed that he had to be compensated, "and soon."

16. Dr. Wright provided the same assurances. Dr. Wright instructed Dr. Wyly to prepare an invoice for the entire obligation owed to him according to the terms contained in a September 2001 "Case Statement and Budget." Dr. Wright acknowledged this obligation to Dr. Wyly and indicated that IFESH and its Board Chair, Dr. Andrew F. Brimmer, were committed to satisfying this debt.

17. Mrs. Grace Sullivan ("Mrs. Sullivan"), widow of Reverend Sullivan, personally appeared at an IFESH board meeting to demand that Dr. Wyly be compensated for his services as promised. Dr. Brimmer, as IFESH chair, acknowledged the debt owed to Dr. Wyly and assured Mrs. Sullivan the debt would be paid in full.

18. Dr. Julie Sullivan ("Dr. Sullivan"), another of Reverend Sullivan's daughters who was involved in IFESH and the Sullivan Foundation, apologized to Dr. Wyly for the "cavalier attitude" exhibited by IFESH regarding compensation owed to him, and wrote that she believed Dr. Wyly "should be compensated for his services without further delay."

19. At no time during 2002 or the first six months of 2003 did anyone from IFESH or the Sullivan Foundation state to Dr. Wyly that he would not be compensated for his services.

20. Dr. Wyly continued to provide services to IFESH and the Sullivan Foundation in furtherance of the GSP Higher Education Campaign through June 2003 upon the express representations from Ms. Sullivan, Dr. Wright and other IFESH and Sullivan Foundation officials that he would be compensated for his services.

{PAZ1300.DOC / 3}    5

21. To date, Dr. Wyly has received no compensation for the work performed on behalf of the Sullivan Foundation and IFESH during 2002 and 2003.

## Causes of Action

### Count I
### (Breach of Contract)

22. Dr. Wyly repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. Dr. Wyly and Reverend Sullivan, on behalf of IFESH, agreed that Dr. Wyly would assume responsibility for the GSP Higher Education Campaign and, in exchange, IFESH would compensate Dr. Wyly for his services.

24. Dr. Wyly fully performed his obligations under his agreement with Reverend Sullivan.

25. Upon information and belief, commencing in May 2002, the Sullivan Foundation became responsible for the GSP, including the Higher Education Campaign, and thus became obligated to compensate Dr. Wyly for services performed.

26. IFESH and the Sullivan Foundation have failed to perform their obligations to Dr. Wyly by failing to pay Dr. Wyly for services performed on behalf of the GSP Higher Education Campaign.

27. Dr. Wyly has suffered damages as a result of IFESH's and the Sullivan Foundation's breaches of the agreement reached between Dr. Wyly and Reverend Sullivan.

### Count II
### (Promissory Estoppel)

28. Dr. Wyly repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Defendants through their agents repeatedly promised Dr. Wyly that he would be compensated for work performed on behalf of the GSP Higher Education Campaign.

30. Dr. Wyly reasonably relied on Defendants' continued promises to compensate him for services, and in reliance on such promises, continued to provide valuable services on behalf of the GSP Higher Education Campaign.

31. Dr. Wyly relied to his detriment on Defendants' promises.

32. Dr. Wyly is entitled to recover as damages the value of the services he performed in leading the GSP Higher Education Program at the request and for the benefit of IFESH and the Sullivan Foundation during 2002 and the first half of 2003.

### Count III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

33. Dr. Wyly realleges, reasserts and incorporated by inference the allegations set forth in paragraph 1 through 32 as if fully set forth herein.

34. The agreement between Reverend Sullivan, on behalf of IFESH, and Dr. Wyly, as confirmed by Hope Sullivan, Dr. Wright and others, contained an implied covenant of good faith and fair dealing.

35. Defendant breached the covenant of good faith and fair dealing by failing to pay Dr. Wyly for the valuable and substantial services he performed on behalf of IFESH and the Sullivan Foundation.

36. Dr. Wyly has suffered damages as a result of Defendants' breach.

### Count IV
### (Unjust Enrichment and Quantum Meruit)

37. Dr. Wyly repeats, realleges, and incorporates herein by reference the allegations set forth in paragraphs 1 though 36 as if fully set forth herein.

38. Dr. Wyly provided substantial, valuable services to IFESH and the Sullivan Foundation, at their request and for their benefit, in exchange for promises of compensation for those services.

39. IFESH and the Sullivan Foundation have refused to compensate Dr. Wyly for those services and have been unjustly enriched as a result.

40. Dr. Wyly is entitled to receive the equitable value of his work in quantum meruit.

### Count V
### (Violation of G.L. c. 93A)

41. Dr. Wyly repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. IFESH and the Sullivan Foundation are persons engaged in trade or commerce, as the term is defined in G.L. c. 93A.

43. Dr. Wyly is a person engaged in trade or commerce, as the term is defined in G.L. c. 93A.

44. IFESH's and the Sullivan Foundation's actions, as set forth herein, constitute an unfair or deceptive act in violation of G.L. c. 93A.

45. IFESH's and the Sullivan Foundation's actions, as set forth herein, were done willfully and knowingly, in violation of G.L. c. 93A.

46. Dr. Wyly has suffered damages as a result of IFESH's and the Sullivan Foundation's willful and knowing violations of G.L. c. 93A.

WHEREFORE, Dr. Wyly pray that this Court:

(1) Enter judgment in Dr. Wyly's favor on Counts I through V in an amount to be determined at trial;

(2) Award Dr. Wyly the costs of his action;

(3) Award Dr. Wyly his reasonable attorneys' fees;

(4) Award Dr. Wyly multiple damages; and

(5) Award Dr. Wyly such other and further relief as the Court may deem just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DR. THOMAS J. WYLY,

By his attorneys,

David A. Brown, BBO# 556511
Pamela A. Zorn, BBO# 640800
SHERIN AND LODGEN LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000

Dated: March 16, 2004

{PAZ1300.DOC / 3}    9