## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DR. THOMAS J. WYLY,
                Plaintiff

        v.                               CIVIL ACTION NO.:
                                                04-11151-EFH

THE INTERNATIONAL FOUNDATION
FOR EDUCATION AND SELF-HELP and
THE LEON H. SULLIVAN FOUNDATION,
                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

July 6, 2004

HARRINGTON, S.D.J.

      The Plaintiff Thomas J. Wyly ("Wyly") brought a five count complaint in state court against two defendants, The International Foundation for Education and Self-Help and The Leon H. Sullivan Foundation. The crux of the complaint is that the defendants failed to pay Wyly for work he performed on a particular project called the Global Sullivan Principles ("GSP"). The defendants removed the case to this Court on the basis of diversity. Now pending is a motion by The Sullivan Foundation seeking to dismiss all claims against it for lack of personal jurisdiction. Alternatively, the motion seeks dismissal of the plaintiff's Chapter 93A claim. The gist of the defendant's jurisdictional argument is that The Sullivan Foundation has only minor contacts with Massachusetts and is not a party to the plaintiff's employment agreement.

When reviewing a defendant's motion to dismiss for lack of personal jurisdiction, this Court must "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir 1998). Wyly alleges facts in the complaint and in the affidavit accompanying his opposition to the motion to dismiss, that, if true, clearly show The Sullivan Foundation was a party to his employment agreement. Wyly states, for example, that The Sullivan Foundation's President and CEO, Hope Sullivan, was in charge of the GSP for a period of time; that Wyly reported directly to Hope Sullivan and took directions from her; and that Hope Sullivan told Wyly to continue working on the GSP and promised to pay him for his work.

In addition, Wyly alleges facts which show that The Sullivan Foundation had extensive contact with Massachusetts. Wyly states, for example, that Hope Sullivan, as well as other Sullivan Foundation employees, made numerous telephone and e-mail communications over a roughly one-year period to Wyly's place of business in Massachusetts regarding his employment. Wyly also alleges that the majority of work he performed for the defendants took place in Massachusetts. The Sullivan Foundation's numerous and ongoing contacts with Wyly in Massachusetts, as well as Hope Sullivan's promises to pay Wyly for work he performed in Massachusetts, make this Court's exercise of personal jurisdiction over the Sullivan Foundation in conformity with the Massachusetts Long Arm Statute and the Due Process Clause of the United States Constitution. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) (stating that "with respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of

another state are subject to regulation and sanctions in the other State for the consequences of their activities.") (quotation marks and citation omitted).

The defendant's motion to dismiss for lack of personal jurisdiction is denied. The defendant's motion to dismiss the 93A claim is also denied at this time.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge