UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DR. THOMAS J. WYLY,

          Plaintiff,

v.

THE INTERNATIONAL
FOUNDATION FOR EDUCATION
AND SELF-HELP and THE LEON H.
SULLIVAN FOUNDATION,

          Defendants.

Case No. 04-11151-EFH

## ANSWER OF DEFENDANT
## THE LEON H. SULLIVAN FOUNDATION

Defendant The Leon H. Sullivan Foundation ("the Sullivan Foundation"), by and through

its undersigned counsel, hereby states its Answer as follows:

### RESPONSE TO INDIVIDUAL PARAGRAPHS OF COMPLAINT

Preliminary Statement -- The allegations of Plaintiff's "Preliminary Statement" are

denied.

1.      Upon information and belief, the Sullivan Foundation admits the allegations in the

first sentence of paragraph 1. The Sullivan Foundation is without knowledge or information

sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 1,

and accordingly it is denied.

2.      Admitted.

3.      Admitted, except the headquarters of the Sullivan Foundation has recently moved

and is now located at 1800 K Street, NW, Suite 1021, Washington, DC 20006.

4.    The Sullivan Foundation admits allegations in the first sentence of paragraph 4, and denies the allegations in the second sentence of paragraph 4.

5.    Admitted.

6.    Denied, except that the Sullivan Foundation admits Hope Sullivan was Reverend Sullivan's daughter and that she was appointed President and Chief Executive Officer of the newly-formed Sullivan Foundation in June 2002.

7.    Upon information and belief, the Sullivan Foundation admits the allegations in paragraph 7.

8.    The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and accordingly it is denied.

9.    The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and accordingly it is denied.

10.    Denied, except that the Sullivan Foundation admits that Reverend Sullivan died on April 24, 2001.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

2

16.     The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and accordingly it is denied.

17.     The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and accordingly it is denied.

18.     The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and accordingly it is denied.  The Sullivan Foundation expressly denies that Dr. Julie Sullivan "was involved in … the Sullivan Foundation…."

19.     The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and accordingly it is denied.

20.     Denied.

21.     The Sullivan Foundation admits that Dr. Wyly has received no compensation from the Sullivan Foundation.  The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and accordingly they are denied.

22.     The Sullivan Foundation repeats and incorporates herein each of its responses to paragraphs 1 through 21 above.

23.     The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and accordingly it is denied.

3

24.    The Sullivan Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and accordingly it is denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    The Sullivan Foundation repeats and incorporates herein each of its responses to paragraphs 1 through 27 above.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    The Sullivan Foundation repeats and incorporates herein each of its responses to paragraphs 1 through 32 above.

34.    Denied.

35.    Denied.

36.    Denied.

37.    The Sullivan Foundation repeats and incorporates herein each of its responses to paragraphs 1 through 36 above.

38.    Denied.

39.    Denied.

40.    Denied.

41.    The Sullivan Foundation repeats and incorporates herein each of its responses to paragraphs 1 through 40 above.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

## RESPONSE TO ALL PARAGRAPHS OF COMPLAINT

All allegations not otherwise expressly admitted herein are denied.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## THIRD DEFENSE

This Court lacks personal jurisdiction over the Sullivan Foundation.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate his damages.

## SIXTH DEFENSE

Plaintiff's claims against the Sullivan Foundation are barred, in whole or in part, because Plaintiff's reliance upon any alleged promise or representation by the Sullivan Foundation was not reasonable under the circumstances.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by the Sullivan Foundation were done in good faith and with no intent to deceive Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part, because the Sullivan Foundation was never Plaintiff's employer and never had a contractual relationship with Plaintiff.

## NINTH DEFENSE

Plaintiff's claims under M.G.L. c. 93A are barred because the acts complained of did not take place primarily and substantially in Massachusetts.

WHEREFORE, The Sullivan Foundation demands and prays as follows:

(1) that all claims arising from Plaintiff's Complaint be dismissed with prejudice, with all costs to be borne by Plaintiff;

(2) that judgment be entered in favor of The Sullivan Foundation and against Plaintiff;

(3) that The Sullivan Foundation be awarded its expenses of litigation, including attorney's fees; and

(4) that The Sullivan Foundation be granted such other and further relief as is deemed just and proper by the Court.

Respectfully submitted, this 6th day of August, 2004.

THE LEON H. SULLIVAN FOUNDATION

By its attorneys:

_____/s/ Elizabeth Heinrich_____
Michael Rosen, BBO# 559954
Elizabeth Heinrich, BBO #648090
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
R. Daniel Beale
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-8489

Attorneys for Defendant
The Leon H. Sullivan Foundation

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2004, I served a copy of the foregoing by mail to counsel for Plaintiff, David A. Browne, Sherin and Lodgen, LLP, 100 Summer Street, Boston, MA 02110 and counsel for the International Foundation for Education and Self Help, Marie F. Mercier, Kotin Crabree & Strong, LLP, One Bowdoin Square, Boston, MA, 02114.


       /s/ Elizabeth Heinrich
       Elizabeth Heinrich